## HENRY DISBROW *versus* ROBERT GARRATT, LEVI COOK, AND RICHARD SMYTH

October 4, 1825

Alexander D. Fraser, attorney for plaintiff (defendant in certiorari).
John L. Leib, attorney for defendants (plaintiffs in certiorari).

### [OPINION]

Disbrow vs Cook & Smith & Garrat Cons$^t$

Statement

Disbrow recovered a Jug$^d$ of $16.40 against Rulo before Justice James Abbot as is presumed, the fact not appearing on the Record— Execution was issued on s$^d$ Judg$^t$ by the Justice and delivered to Garrat— Garrat neglected to make return within 60 days— Upon which an Action of Debt was instituted by Disbrow ag the s$^d$ Garrat, and Smith and Cook his sureties, under the 11 Sec$^t$ of the Act regulating &$^c$. the duties of Justices &$^c$ pa 232: This act passed 20th of May 1820. and took effect immediately—

On the 28th of Nov$^r$ 1820. an act was passed entitled "an act concerning constables"— This act took effect on the 1st of Jan$^y$ 1821. The act of the 28th of No$^r$ repeals all former acts coming within its perview, and of Course the Act of the 20th of May so far as the subject matter of the latter act is embraced in the former— The act of the 28 of No$^r$ provides that when a default is made by a Constable in his duties an action may be brought on the Bond ag$^t$ the Constable and his sureties—

It is Contended by the Att$^y$ for the Pltff below that the 11th section of the Act of the 20th of May is not embraced within the repealing clause, but stands well with the act of the 28 of November and that the remedy provided by the last mentioned act is accumulative— That the Pltffs relied & still rely on the Legal liability, against the Securities, under the 11th Section, and not on the Bond— If the Court should be of Opinion that the liabilities of the securities rest on the Bond, and that they cannot be charged by any other method than by a suit on the Bond, it will be decisive and any further investigation of the other exceptions will not be necessary—

It is evident, and I understand the point Conceded by the Counsel, that if Cook & Smith are liable to the action of Disbrow, that liability must result from having entered into a Bond as Securities, for the faithful discharge of the duties of Garrat as a Constable—

It is the duty of a Constable, when he receives an execution to make service of the same if property or the def$^t$, is found, and also to make a return within the time limited by Law— A neglect in either Case, is undoubtedly a Breach of his official duty as Constable for which his Securities are liable by the Condition of their Bond— By the 11 Section, the extent of that liability, is stated to be the am$^t$ of the Ex$^o$ Interest, Costs and 25 per centum damages upon the debt— and which the Magistrate, has made the rule of his Judg$^t$— If this section of the Act is in force in respect to the Securities or was in force on the day of entering the Judgment, and if the Magistrate has Jurisdiction, the criterion he has assumed as the foundation of his Judgment is undoubtedly correct— If that section was not in force at the time of rendition of Judg$^t$ then the criterion for the Judg$^t$ would not be Correct, particularly as the officer is charged with a neglect of duty in not returning his writ— The damages of 25 per centum could not legally be included

in the Judgment, as it is imposed as a penalty and not due in justice— The damages upon principle, could not exceed the am$^t$ of the original Judg$^t$ Costs and Interest, and might be much less, as a Jury from a full view of the facts proved might think Just—

In reference to the 3$^d$ Section of the act concerning constables it is provided, "That no suit shall be instituted by any person for his own use, nor shall any such motion be made in open Court, until the person instituting such suit, or making such motion— shall have recovered Judgment against such Constable, his executors or Adm$^s$ in an action brought for the default or misconduct." &$^c$ If I understand the force of the provision extracted from the Law above, no action can be brought against the Securities of a Constable, until the Constable has been adjudged in default by a Judgment, on a suit to be instituted against him by the party aggrieved—

If I am correct in my views, and the securities are only liable under the Bond, which I think is the extent of their liability, then the provision of the Law recited, repeals the 11th Section of the Law of the 20 May 1820, so far as the securities are interested— Such being my view of the law applied to this case, I am of Opinion that the Magistrate had no jurisdiction over the Securities, under the 11th Sc$^t$ relied on as his authority— and that the judgment must be reversed—

I do not think it necessary to pass any opinion on any other of the exceptions that have been taken and put to the Court as I am Satisfied the Magistrate erred in assuming a Jurisdiction, not given him by law—